PRESCOTT STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8155.   Promulgated March 22, 1928.

*John A. Ellis, Esq.,* for the petitioner.
*Brice Toole, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The evidence adduced in this case fails to establish that the city warrants were ascertained to be worthless in 1921 when they were charged off by direction of the bank examiner. When petitioner bought the warrants it knew that they were to be paid for out of a special fund under an ordinance which provided for their payment on demand "providing there are sufficient funds to pay the same; otherwise he (the treasurer) shall endorse on such warrant 'Not paid for want of funds,' annexing the date of presentation and sign his name thereto, and from that time until redeemed such street improvement warrants shall bear interest at the rate of 8 per cent per annum." Thus, when petitioner bought the warrants it was put on notice that payment might be delayed. There is no evidence that the city of Prescott repudiated the obligation or that it was insolvent. See *Pinkus Happ,* 7 B. T. A. 865. In fact, it may be questioned whether or not the conversations with the mayor of Prescott, which is the only evidence of a demand subsequent to the original presentation, was a compliance with the provision of the ordinance quoted in petitioner's brief. But assuming a legal demand, mere failure to pay on demand is not proof of the worthlessness of a debt. Nor is the direction of the bank examiner to charge off the account sufficient proof of worthlessness. *Murchison National Bank,* 1 B. T. A. 617; *Farmers & Traders Bank,* 4 B. T. A. 753.

It may also be pointed out that all the facts bearing on the alleged worthlessness of the warrants were known to petitioner in the years prior to 1921. See *R. C. Middleton,* 5 B. T. A. 205.

We find no error in the determination of the deficiency for the year 1921. The year 1922, in which the amount was paid and taken up in income, is not before us.

*Judgment will be entered for the respondent.*