WEST LAFAYETTE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20201. Promulgated July 16, 1928.

*Warner M. Pomerene, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The petitioner contends that the sum of the amounts charged off against the bonds held by it in the taxable year upon the order of the State Banking Department is an allowable deduction from gross income under section 234(a)(5) of the 1924 Revenue Act. The section of the Act relied upon provides that debts ascertained to be worthless and charged off in the taxable year shall be allowed as deductions in computing net income, and when it appears that a debt is recoverable only in part, such debt may be charged off in part.

While the cited provision of the 1924 Act allows the deduction of a bad debt in whole or in part, it is incumbent upon the taxpayer to establish that the debt, in its entirety or in part, was ascertained to be worthless and charged off in the taxable year. As proof of the worthlessness or partial worthlessness of these bonds, the petitioner relies solely upon the fact that it was ordered by the State Banking Department to charge off the amounts now claimed as a bad debt deduction. We have held in a number of cases that the charging off or writing down of a debt by a bank pursuant to orders or instruc-

tions of an official of the State or National Government is not sufficient to establish that the debt was ascertained to be worthless. *Murchison National Bank*, 1 B. T. A. 617; *Farmers & Traders Bank*, 4 B. T. A. 753; and *Prescott State Bank*, 11 B. T. A. 147.

The petitioner claims the amounts charged off against the bonds as a bad debt deduction. In an analogous case we held that although a bond may be said to represent, in the broad sense, a debt owing to the holder or owner thereof, it is not such a debt as is contemplated by those provisions of the Revenue laws allowing bad debt deductions. Bonds are purchased rather as an investment, as are other species of property, and losses are suffered or gains are realized thereon when they are sold or otherwise disposed of, and deductions for such losses are provided for by other provisions of the Act. (Section 234(a)(4), 1924 Act.) *First National Bank of St. Paul*, 10 B. T. A. 32. The petitioner, however, did not sell or otherwise dispose of the bonds in question. It merely reduced the value thereof on its books. No loss has been sustained by the petitioner on account of these bonds. The Revenue laws do not impose an income tax upon the appreciation in the value of assets, not realized by sale or other disposition (*Eisner* v. *Macomber*, 252 U. S. 189), nor do they allow a deduction from gross income for a mere reduction in the market value of assets which has not been actually sustained or suffered. (*First National Bank of St. Paul, supra.*) The fluctuations in the market value of property held by a taxpayer and not disposed of, materializing in no actual gain or loss, are not within the scope of the income-tax statutes.

The deduction claimed by the petitioner can not be allowed either as a bad debt, under section 234(a)(5), or as a loss sustained, under section 234(a)(4).

*Judgment will be entered for the respondent.*