MIDLAND NATIONAL LIFE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28889. Promulgated November 14, 1928.

*John B. Hanten, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: On its income-tax return petitioner failed to include in gross income exempt interest in the amount of $25,000.26. From the amount returned as gross income it deducted $25,000.26 exempt interest. The respondent allowed the deduction but recomputed

gross income, including the exempt interest therein, as provided for in section 244 (a) of the Revenue Act of 1924, which follows:

In the case of a life insurance company the term "gross income" means the gross amount of income received during the taxable year from interest, dividends, and rents.

It is clear that exempt interest is to be included in gross income and the respondent's action in adding the amount thereto is approved.

In computing petitioner's net income under section 245 of the Revenue Act of 1924, the respondent has allowed, among other things, deductions of $25,000.26, the amount of exempt interest, and $96,585.92, which is 4 per cent of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, diminished by the amount of exempt interest. Section 245 (a) provides:

In the case of a life insurance company the term "net income" means the gross income less—

(1) The amount of interest received during the taxable year which under paragraph (4) of subdivision (b) of section 213 is exempt from taxation under this title;

(2) An amount equal to the excess, if any, over the deduction specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, plus (in case of life insurance companies issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan, continuing for life and not subject to cancellation) 4 per centum of the mean of such reserve funds (not required by law) held at the beginning and end of the taxable year, as the Commissioner finds to be necessary for the protection of the holders of such policies only.

Our decision as to this question is controlled by the decision of the Supreme Court in *National Life Insurance Co.* v. *United States*, 48 Sup. Ct. 591; 277 U. S. 508, where it was held with regard to the identical section of the Revenue Act of 1921 that the provision of the Act which undertook to abate the 4 per cent deduction by the amount of interest received from tax-exempt securities was without effect. Petitioner is entitled to the 4 per cent deduction undiminished by the amount of interest received from tax-exempt securities.

The petitioner's third contention is that there should be included as reserves required by law in computing net income under section 245 (a) (2) of the Revenue Act of 1924, above quoted, the amount of $100,000 deposited with the Commissioner of Insurance of South Dakota as a condition precedent to doing business within the State. Section 9351, Revised Code of Laws of South Dakota (1919) provides:

§ 9351. *Capital Required, Investment, Securities Deposited, Exchange, Interest Withdrawals.*—No stock life, health or accident company of this state shall do business in this state or elsewhere, and no other stock life, health or accident insurance company, except as provided in this article, shall do business in this state unless it has at least one hundred thousand dollars of paid-up capital stock and shall have at least one hundred thousand dollars invested in United States or state securities or mortgages on unincumbered real property, situated in the state where its principal place of business is located or, in case of a foreign company, where its principal place of business for this country is located, worth at least double the amount loaned thereon, exclusive of improvements; such securities, in case of companies incorporated under this article, must be deposited with the commissioner of insurance of this state and, in case of foreign companies, with the proper officer of some state for the benefit of all its policyholders in the United States, and the fact that the company has such a sum on deposit must be certified to the commissioner of insurance by the officer holding such deposit in trust. But nothing herein contained shall be construed to invalidate the agency of any company incorporated in another state, by reason of such company having from time to time exchanged the securities so deposited with the commissioner of insurance, controller or chief financial officer of the state in which such company is located, for other bonds or securities authorized by this article, or by reason of such company having drawn its interest and dividends from time to time for such bonds and securities.

The fund herein involved is a deposit of capital to guarantee the performance by insurance companies of contracts entered into. It has no relation to the net value of outstanding policies and is not a fund reserved from premiums to meet policy obligations at maturity. We are of the opinion that it is not a reserve required by law within the meaning of the Revenue Act. *Old Line Insurance Co.*, 13 B. T. A. 758.

The remaining question for determination is whether petitioner is entitled to a deduction in the amount of $62,902.12 for debts ascertained to be worthless and charged off during the taxable year, or as a loss sustained during the year.

Petitioner maintained a large part of its reserves in demand deposits with banks throughout the territory in which it operates. During the year 1925, a number of these banks were closed and certificates of deposit in closed banks not being allowable as admissible assets by the Insurance Commissioner of South Dakota, the amounts were charged off by petitioner. At that time the amount of the dividend which would be paid by the receiver in each case could not be ascertained. Petitioner contends that it has since returned the amount of such dividends as income for the year in which paid.

The revenue acts provide a special method for taxing insurance companies. The report of the House Committee on Ways and Means, with regard to the Revenue Act of 1921, contains the following statement:

The provisions of the present law applicable to insurance companies are imperfect and productive of constant litigation. Moreover the taxes paid by

insurance companies are inadequate. It is accordingly proposed in lieu of all other taxes to tax *life insurance companies* on the basis of their investment income from interest, dividends and rents, with suitable deductions for expenses fairly chargeable against such investment income. (Italics ours.)

The plan adopted for taxing insurance companies other than life is on a different basis. Sections 246 and 247 of the Revenue Acts. The cases, therefore, cited by petitioner in support of its contention which involve the tax liability of insurance companies other than life have no bearing on the decision in the instant case.

Sections 242, 243, 244 and 245 of the Revenue Act of 1924, pertaining to the tax liability of life insurance companies, contain no provision allowing a deduction for bad debts or losses. Petitioner contends that nevertheless it is entitled to a deduction under section 234 (a) (4) and (5) which provides as follows:

(a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. \* \* \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

We need not determine here whether section 234 (a) (4) and (5) applies to life insurance companies for in any event petitioner has failed to establish its right to the deduction. We have repeatedly held that the charging off of an amount pursuant to orders or instructions of an official of the State or National Government is not sufficient to establish that the debt was ascertained to be worthless. *First National Bank, Parkers Landing*, 12 B. T. A. 1387; *West Lafayette Bank*, 12 B. T. A. 1356; *Prescott State Bank*, 11 B. T. A. 147; *Continental Trust Co.*, 7 B. T. A. 539; *Farmers and Traders Bank*, 4 B. T. A. 753; *Murchison National Bank*, 1 B. T. A. 617.

The facts in the instant case establish merely that certain banks in which petitioner had deposits were closed and that certificates of deposit in such banks were excluded from admissible assets by the Insurance Commissioner of South Dakota. There is nothing in the record upon which we can determine the extent, if any, of petitioner's loss.

Reviewed by the Board.

*Decision will be entered under Rule 50.*