SOUTH HILLS TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26252. Promulgated April 24, 1930.

*W. A. Seifert, Esq.,* and *W. W. Booth, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner first contends, and we agree, that bonds represent debts. It next contends that it is entitled to set up a reserve for bad debts on account of a decrease in the value of bonds held by it as investments, and, further, that $15,000 was a reasonable amount to be added to this reserve account in 1921. Section 214 (a) (7) of the Revenue Act of 1921, allows the deduction of

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The petitioner does not contend that it ascertained any particular debts to be worthless and charged them off within the taxable year, nor does it contend that it determined that certain debts were recoverable only in part and were charged off in part. In any event, the petitioner has not shown that it ascertained the entire or partial worthlessness of any particular debts, or that it charged off those debts within the taxable year, and, thus, the sole question in the case is to determine whether the $15,000 was a reasonable addition to a reserve for bad debts which the petitioner was entitled to deduct in the year 1921.

This Board has held that a deduction may not be taken under section 214 (a) (7) on account of alleged bad debts represented by bonds. *First National Bank of St. Paul*, 10 B. T. A. 32; *West Lafayette Bank*, 12 B. T. A. 1356; *First National Bank of Parkers Landing, Pa.*, 12 B. T. A. 1387. *Contra*, see T. D. 3262, Cumulative Bulletin I–1, p. 152; GCM 1887, Cumulative Bulletin VI–2, p. 61. Cf. *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339. However, it is not necessary to base the present decision on the above cited cases of this Board, for even if we were wrong in those decisions, there are other reasons why the petitioner here is not entitled to judgment.

Under the Revenue Acts, income is ordinarily reported on the basis of recurring 12-month periods. Any deduction for bad debts, whether by way of an addition to a reserve or otherwise, should properly reflect, and be a consequence of the condition of a taxpayer's debts at the end of the period which is being reported. Where an addition to a reserve for bad debts is sought to be deducted, it must appear that the addition is reasonable and this must mean reasonable in the light of the situation at the end of the taxable period.

The evidence in the present case certainly tends to show no more than that the addition in question was a reasonable addition on December 28, 1920, or perhaps up to the first part of February, 1921, as the situation then existed. It does not tend or even purport to show that the addition in question was, at the end of the year, a reasonable amount to have added for the year. So far as we know, even if the amount were reasonable in view of all that had happened up to February 3, 1921, subsequent events in the year 1921 might have rendered the amount wholly unreasonable as a deduction for the year. Thus, the petitioner has failed in his proof.

In taking a deduction for specific bad debt items, a taxpayer may deduct only those that he ascertains to be worthless in the taxable year, and if items were worthless and were known to be worthless in previous years, they may not be carried along to a later year and then deducted in one lump sum. To deduct such debts in a lump would distort income in that particular year. *Avery* v. *Commissioner*, 22 Fed. (2d) 6. The section of the Act in question mentions the discretion of the Commissioner in connection with a reasonable addition to a reserve for bad debts. The published decisions, instructions, and rulings of the Commissioner and the Treasury Department disclose an intention to limit the deduction for an addition to a reserve for bad debts to an amount which will bear a close relation to the 12-month period for which it is

deducted, so that income for that year may not be distorted. The addition to the reserve in the present case bears little or no relation to the year 1921, but, on the contrary, was set up to take care of conditions as they were on December 28, 1920.

To establish that the addition to the reserve was reasonable in amount, the petitioner relied almost entirely upon the opinion of the bank examiner, supported as it was by the action of the secretary of banking and the directors of the bank. The action of these officials should not be disregarded, but in deciding what weight should be given to evidence of what they did, we should consider what impelled them to do what they did, to see what relation their acts may bear to the question of the reasonableness of an addition to a reserve for bad debts within the meaning of section 214(a)(7) of the Revenue Act of 1921. *Broadway Savings Trust Co.* v. *United States*, 66 Ct. Cls. 429. This Board has held in a number of cases that the order of a bank examiner does not, *per se*, establish reasonableness in this connection. *Murchinson National Bank*, 1 B. T. A. 617, which has been cited and followed in a number of later cases. Cf. *Rhode Island Hospital Trust Co.* v. *Commissioner, supra.* We do not doubt the wisdom of making the addition of $15,000 to the reserve in question for the purpose for which it was made. But we think that that purpose was almost entirely unrelated to the question of whether or not, as a deduction in reporting income, the addition was reasonable. The primary purpose of the state banking officials was to require the bank to have a total credit balance in its reserve of 25 per cent of the depreciation in the market value of its investments. They were not particularly concerned as to the time or times when the bank made additions to its reserves. That is, if the reserve in December, 1920, had equaled 25 per cent of the depreciation, or had then been added to until it equaled this 25 per cent, the state banking officials would have been satisfied. Thus, it appears that these officials, as well as the directors of the bank, were not concerned with the question of what amount would represent a reasonable addition to a reserve for bad debts applicable to the year 1921, which is the question with which we are concerned. Cf. *Barde Steel Products Corporation* v. *Commissioner*, 40 Fed. (2d) 412. Furthermore, the addition in question was made almost entirely on account of the fluctuation in the price at which the securities in question were quoted on the market. Many factors besides safety affect market fluctuations. It is a well known fact that the market for securities which are recognized as absolutely safe fluctuates. Market fluctuation, therefore, is an unsafe criterion for determining the reasonableness of an addition to a reserve for bad debts which may be deducted under the section in question, for the reserve for bad debts is set up and

added to in anticipation of ultimate actual losses and not current changes in market value. *Weiss* v. *Wiener*, 279 U. S. 333. *United States* v. *White Dental Co.*, 274 U. S. 398. Note the debit to the reserve in question on September 7, 1922. The evidence does not show that any of the bonds were worthless, but shows the contrary. Cf. *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109.

*Judgment will be entered for the respondent.*