NORTH AMERICAN REASSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52674, 60678. Promulgated January 5, 1934.

*William H. Hotchkiss, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

OPINION.

LEECH: In reference to the first issue, petitioner is entitled to a reasonable allowance for depreciation of furniture and fixtures used in its business. This deduction is not limited to the furniture and fixtures used in the investment department of such business. *Lafa-*

*yette Life Ins. Co.*, 26 B.T.A. 946; *Missouri State Life Ins. Co.*, 29 B.T.A. 401. We hold that a reasonable allowance for depreciation is at the rate of 10 percent of the total cost, which rate was used by respondent in computing depreciation allowed upon furniture and fixtures in the investment department. The total cost of furniture and fixtures has been found in accordance with the stipulation.

In respect to the second issue, no question is raised as to the inclusion of the " valuation " required by section 84 of the insurance law of the State of New York, the pertinent parts of which are set out below,[1] in " reserve funds required by law " upon which the deduction from gross income to determine taxable income is permitted under section 245 (a) (2) of the Revenue Act of 1926 and section 203 (a) (2) of the Revenue Act of 1928. Our sole inquiry upon this assignment of error is as to the correctness of respondent's action in disallowing petitioner's inclusion of the so-called " deficiency reserves " or " separate liability " covered by section 85 of the same New York statute in such reserves for the computation mentioned.

Thus, the fundamental issue is whether the " separate liability " of this petitioner provided in section 85,[2] is a part of the " reserve funds required by law " within the meaning of the pertinent sections of the applicable revenue acts, to which reference is made above.

Only by statutory enactment are any deductions permitted from gross income in determining taxable income. *Burnet* v. *Thompson Oil & Gas Co.*, 283 U.S. 301. This rule has been applied repeatedly not only against asserted deductions of voluntary reserves, cf. cases cited in *American Title Co.*, 29 B.T.A. 479, but particularly against involuntary reserves of life insurance companies, since, under section 244 (a) of the Revenue Act of 1921 and the corresponding sections of all of the succeeding revenue acts only specific items of gross income are included for taxing purposes. *American Title Co.*,

---

[1] [Act of April 9, 1923, ch. 209, as amended by the Act of March 31, 1927, ch. 472.]
SEC. 84. *Valuation of policies.* 1. The superintendent of insurance shall annually make valuations of all outstanding policies, additions thereto, unpaid dividends, and all other obligations of every life insurance corporation doing business in this state. All valuations made by him or by his authority shall be made upon the net premium basis.

2. The legal minimum standard for contracts issued before the first day of January, nineteen hundred and one, shall be the actuaries' or combined experience table of mortality with interest at four per centum per annum, and for contracts issued on or after said day shall be the American experience table of mortality with interest at three and one-half per centum per annum; * * *

[2] SEC. 85. *When actual premium is less than net premium.* When the actual premium charged for an insurance by any life insurance corporation doing business in this state is less than the net premium for such insurance computed according to the table of mortality and rate of interest prescribed in this article, such corporation shall be charged as a separate liability with the value of an annuity, the amount of which shall equal the difference between such premiums and the term of which in years shall equal the number of future annual payments due on such insurance at the date of the valuation.

*supra;* cf. *Massachusetts Mutual Life Ins. Co.* v. *United States,* 56 Fed. (2d) 897.

The law is now settled that the meaning to be given " reserve funds required by law " is the same under the Revenue Act of 1921 and later acts as that given under prior Federal revenue legislation. *Massachusetts Mutual Life Ins. Co.* v. *United States, supra.* The expression, therefore, denotes a reserve with certain definite legal requisites, which are: (1) It must be " required by law," a condition present here, and, in addition thereto, (2) it must be within the technical and special meaning of " reserves " in the law of insurance, which includes only such as " aid in determining what portion of the gross income constitutes the net income of a life insurance company for the purpose of the Federal statutes." *Massachusetts Mutual Life Ins. Co.* v. *United States, supra; American Title Co., supra.*

If serviceable as such an " aid " it will not only be characterized by some relation to the " value " of outstanding policies, i.e., legal reserves, by increasing the same, but will itself constitute the fund reserved from premiums to meet policy obligations at maturity. *McCoach* v. *Ins. Co. of North America,* 244 U.S. 585; *United States* v. *Boston Ins. Co.,* 269 U.S. 197; *New York Life Ins. Co.* v. *Edwards,* 271 U.S. 109; *Minnesota Mutual Life Ins. Co.* v. *United States,* 279 U.S. 856; *Massachusetts Mutual Life Ins. Co.* v. *United States, supra; Standard Life Ins. Co.,* 47 Fed. (2d) 218; affirming 13 B.T.A. 13; *Old Line Ins. Co.,* 13 B.T.A. 758; *Midland Nat. Life Ins. Co.,* 14 B.T.A. 200; *Kaskaskia Life Ins. Co.,* 22 B.T.A. 210.

Section 84 of the New York statutes, as amended, is similar in all pertinent respects to other state statutes providing for " reserve funds required by law." The " valuation of policies " covered therein is, in our judgment, the technical legal reserve in insurance law, and is the legal reserve required by law within the sections of the revenue acts here under consideration. *Massachusetts Mutual Life Ins. Co.* v. *United States, supra; Old Line Ins. Co., supra.*

If section 84, just mentioned, the deductions under which are not here involved, provides for the legal reserve required by law, what is the purpose of section 85, the disallowance of petitioner's attempted deductions under which gives rise to the issue under discussion? Aside from the natural presumption arising that section 85, in such circumstances, can not be considered as having to do with legal reserves required by law, disposition of which was made in the preceding section, let us examine section 85 and the present illuminating record in connection with the foregoing rules of law.

Section 84 sets up the net premium basis for computing policy values or reserves. Under this method—

The table rate of premium provided for in life insurance on the mutual level premium plan is calculated, first by adopting an accepted table of mortality

showing the death rate for every age of life, and, second, by adopting an assumed rate of interest, such as the company may safely expect to realize upon the investment of the amounts of such premiums for .the duration of all of its policies. With these two factors, a calculation is made of the sum each insured must pay in advance so as to put the company in funds with which to pay all outstanding policies as they become claims, providing deaths occur exactly in accordance with the table of mortality, and also providing the rate of interest earned on the company's invested funds is exactly the same as the rate assumed in calculating its premiums. The sum ascertained in this way is called the net or mathematical premium. [*Massachusetts Mutual Life Ins. Co. v. United States, supra.*]

This fund, so calculated, is the " value ", " valuation ", or " reserve ", and is that part of the assets of the company which, according to the specified table of mortality and with interest at the assumed rate, must be set apart to meet or mature the company's obligation to the insured on his death or upon the surrender or cancellation of his policy. It is this reserve, alone, which must be kept ready to meet policy obligations. *Massachusetts Mutual Life Ins. Co.* v. *United States, supra.*

This abstract computation is entirely actuarial and thus theoretical. *Massachusetts Mutual Life Ins. Co.* v. *United States, supra.* The actual premium charged in any case, of course, is not considered in such computation. Section 85 creates no *additional* legal reserve, but, where as here the actual premium charged is less than the net premium upon which the legal reserve and therefore the deduction is mandatorily based, merely provides a guarantee that the reserve set up in section 84 shall be maintained by providing a source, certain, from which the difference between the mathematical or net and the actual premium charged shall be made up. Nor can the fact that the computation of the value of the annuity in section 85 is actuarial, change its real purpose and character. Cf. *Old Line Ins. Co., supra; Kaskaskia Life Ins. Co., supra.*

That section 85 does simply provide an assured *source* for the reserves covered by section 84 is conclusively evidenced by the result of a practical application of the provisions of section 85. The value of the annuity there provided decreases each year by the amount of the difference between the net premium, basing the allowed deduction under section 84, and the actual premium charged, so that *at maturity* this value or " deficiency reserve " is zero, while during the same period the reserve created by section 84 increases, as computed by including the annual premium accretions of which this difference between net and actual premium is a part, and *at maturity* equals the amount of the policy obligation. Thus, the policy obligation can be and is therefore paid *only* from the reserve created in section 84.

Petitioner contends that the calculation of the reserves under section 84 is based upon the assumption that the actual premium charged will at least equal the net premium upon which the reserves there set up are mandatorially premised and that the separate liability created in section 85 is an additional legal reserve to cover a situation, such as here, where the actual premium paid is less than the net. But in petitioner's case this "separate liability" or "deficiency reserve" is not additional to the "reserve funds required by law" defined in section 84, because it never reaches the latter—only the difference between the mathematical or net and the actual premium paid, which is apparently annually appropriated thereto. Petitioner has had the benefit of this difference in the computation of the reserve under section 84 upon which his deduction, already allowed, was premised. To permit the additional deduction, based on the "separate liability" set up in section 85, would thus seem to effect a double deduction of the same item, a result directly contrary to the purpose for which such deduction is permitted at all. Cf. *McCoach* v. *United States, supra; Massachusetts Mutual Life Ins. Co.* v. *United States, supra; American Title Co., supra.*

Thus, the separate liability directed by section 85 to be set up under certain conditions, existing here, neither increases nor decreases the legal reserve defined in section 84. It is not a fund reserved from premiums that can or does meet maturing policy obligations. It may be said to preserve the solvency of such insurance companies as are within its purview, a consideration with which we are not now particularly concerned. *McCoach* v. *Insurance Co. of North America, supra; Old Line Ins. Co., supra; Midland Nat. Life Ins. Co., supra.*

Accordingly, the separate liability contained in section 85 is not a "reserve fund required by law" and respondent is sustained upon this issue.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH, TRAMMELL, and VAN FOSSAN dissent.