*182 OPINION.
Seawell :
In this proceeding the petitioner contends that in computing its income tax liability for the year 1924 it is entitled to a deduction of $600,000, being the alleged difference between the cost to it of the notes of the Fruit Co. which it held and the fair market value of the second mortgage bonds of the Sugar Co. when received in exchange therefor.
The transaction by which the notes of the Fruit Co., executed by it and delivered to petitioner for the $1,500,000 loan made it, were exchanged for the second mortgage bonds of the Sugar Co., was one which might give rise to gain or loss, depending upon the circumstances under which made. A provision of the Revenue Act of 1924 applicable in the instant proceeding is as follows:
Sec. 202. (e) The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.
Section 203 (b) (1) of the act would be applicable to the transaction were it not excluded by the parenthetical portion of the section.
The only consideration that was received by the petitioner on July 11, 1924, in exchange for its notes of the Fruit Co. was the $1,500,000 second mortgage bonds of the Sugar Co.
The record shows that about August or September 1922 a national bank examiner criticized the action of the petitioner in carrying the indebtedness represented by notes in the amount of $1,500,000 against *183 the Fruit Co. at their face value and arrangement was thereupon made for a reserve of $500,000 to cover any loss that might result from such indebtedness and the same was so carried for quite a while, the petitioner being of the opinion that the loan or indebtedness would be realized in full.
The record shows that the resolution of December 31, 1924, which was adopted by the board of directors of the petitioner, was passed “ in accordance with the directions of the National Bank Examiner.” We have often, heretofore, held and now repeat that orders of a bank examiner to write assets off the books are not sufficient in themselves to warrant the allowance of such as deductions. Prescott State Bank, 11 B.T.A. 147; West Lafayette Bank, 12 B.T.A. 1356; First Nat. Bank, Parkers Landing, Pa., 12 B.T.A. 1387; Midland Nat. Life Ins. Co., 14 B.T.A. 200.
In this proceeding, in our opinion, the record shows that while the resolution adopted by the board of directors on December 31, 1924, authorizing the officers to reduce “the amount at which the Atlantic Fruit Company bonds [evidently meaning the “Atlantic Fruit & Sugar Co.”- bonds, representing the debt due petitioner] are carried from $1,500,000 to $900,000 ” was “ in accordance with directions of the National Bank Examiner,” the action taken and resolution passed were not based solely on such directions, but were, after investigation and ascertainment that the bonds were not worth over 60 percent of their par value, partly based on such fact. That the bonds on December 31,1924, and on July 11,1924, when exchanged for notes of the Fruit Co. in the same amount, were worthless to the extent of $600,000 or 40 percent of their par value and had a fair market value of not over 60 percent of their par value, is shown by the record. In our opinion, the evidence shows that the bonds and the notes for which exchanged were at the time of exchange of the same value.
We are of the opinion and hold that the Sugar Co. bonds are shown by the record to have been worth only 60 percent of their par value or $900,000 in 1924 when received, and the notes given in exchange for the bonds having cost the petitioner $1,500,000, the petitioner is entitled, in computing its net income for 1924, to a deduction of 40 percent of the cost of its Fruit Co. notes or the amount of $600,000, as claimed by it.
In view of our determination, there is no occasion for discussing the alternative claim of petitioner relative to the charge-off in 1924 of a debt, ascertained to be worthless to the extent of $600,000.
Reviewed by the Board.

Judgment will be entered imder Buie 50.

Van Fossan and Adams dissent.