Theodore Peter Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 84369.
United States Tax Court
T.C. Memo 1962-23; 1962 Tax Ct. Memo LEXIS 285; 21 T.C.M. (CCH) 106; T.C.M. (RIA) 62023; February 5, 1962
*285 Held, that the petitioner may not reduce taxable income for 1955 by amounts claimed to have been nontaxable but included in income in prior years; that amounts expended for meals are not deductible under section 162(a)(2) of the Internal Revenue Code of 1954, since the petitioner was not away from home in the pursuit of a trade or business; that the petitioner has failed to show that he is entitled to a bad debt deduction of $10; and that the petitioner may not deduct in 1955 an amount expended in 1954 as a premium on a health insurance policy. Theodore Peter Johnson, Daytona Park, Rt. No. 1, Box 767, Deland, Fla., pro se. Jones E. Davis, Esq., and James D. Ritter, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: *287 The respondent determined deficiencies in income tax for the taxable years 1955 and 1956 in the respective amounts of $506.85 and $96.66. The issues for decision are: (1) whether petitioner may take as a deduction for 1955 the amounts by which he overstated his income in prior years by reason of his failure to exclude from his income of such prior years amounts received from his employer as compensation for personal injuries or sickness under a disability benefit plan; (2) whether amounts expended by the petitioner for meals in 1955 and 1956 while he was engaged in night work constituted deductible ordinary and necessary business expenses; (3) whether the petitioner is entitled to a bad debt deduction for 1955 as a result of his inability to obtain a rebate of a deposit paid by him to a travel service; and (4) whether petitioner may take as a deduction for 1955 an amount paid in 1954 as a premium on a health insurance policy which he failed to deduct in 1954. Findings of Fact Petitioner is an individual residing at DeLand, Florida, but formerly residing in New York, N. Y., prior to 1956. He filed his Federal income tax returns for the taxable years involved with the district *288 director of internal revenue, Lower Manhattan, New York. During 1955 and up until August 31, 1956, when he retired, petitioner was employed as a night supervisor in the operations department of Esso Shipping Company, an affiliate of the Standard Oil Company of New Jersey, at Radio City, New York, N. Y. He had been employed by such company since 1942. In February 1947 he was assigned from day work to night work. Under the provisions of a disability benefit plan for employees, petitioner received from the Standard Oil Company of New Jersey the amounts of $329.81, $732.28, and $154.07 in the respective years 1951, 1953, and 1954. He included these amounts as taxable income in his Federal income tax returns for those years. In 1955 he filed with the district director of internal revenue for Lower Manhattan, New York, claims for refund of taxes for those years in the respective amounts of "about $78.00," $180.14, and $40.06, based upon the ground that such income had been erroneously included in taxable income of such years. At the time petitioner filed his 1955 Federal income tax return he had received no refund payment as a result of his claims. In his 1955 return he claimed as *289 a deduction the amount of $1,216.16, representing the aggregate compensation received for personal injuries or sickness for the years 1951, 1953, and 1954. Subsequently, at a time not shown by the record, the respondent made a refund to the petitioner with respect to his claims for 1953 and 1954, but made no refund with respect to the claim for 1951, taking the position that a refund for that year was barred by the statute of limitations. While employed by Esso Shipping Company during 1955 and 1956, the petitioner worked at night, his working hours being from 5:00 p.m. until 9:00 a.m. All his duties were performed at the company offices at Radio City in New York City. The petitioner resided in New York City at a distance of about 2 miles from the company office at Radio City. Prior to beginning work at 5:00 p.m., the petitioner customarily had dinner at a restaurant near his place of employment. He customarily purchased some food and took it with him for a midnight meal. When he finished work at 9:00 a.m., he would eat breakfast at a restaurant prior to returning to his residence. In 1955 petitioner $500expended for his morning and evening meals and his midnight meal. During 1956 *290 he expended $333.33 for the same purpose. The petitioner has never received reimbursement for his meals since he has been doing night work despite the fact that he believed he was entitled thereto and requested his employer to make reimbursements. In his return for the years 1955 and 1956 he deducted the respective amounts of $500 and $333.33. During the month of August 1955, petitioner authorized a travel service to arrange a Florida vacation for him, and paid the travel service a deposit of $10. The travel service arranged a reservation for petitioner on a train to Florida but petitioner was unable to accept this reservation due to a conflict with his hours of employment, and so notified the travel service. Petitioner was unable to make further arrangements with the travel service and after a number of discussions with them he decided not to take the vacation through them as planned and requested that his deposit be refunded to him. He signed a receipt and was promised a refund but such refund was never received. In his return for 1955 the petitioner deducted the amount of $10. During the year 1954 petitioner expended the amount of $58.08 as premium on a Blue Cross - Blue Shield *291 health insurance policy. He failed to deduct this sum as a medical expense in his 1954 income tax return, but deducted it in his return for the year 1955. The petitioner had not reached the age of 65 during the year 1955. In the notice of deficiency the respondent disallowed the deduction of $58.08 claimed for 1955 as a medical expense payment to Blue Cross - Blue Shield since "no part of such amount exceeds 3 percent of your adjusted gross income of $8,773.80 as required by the provisions of section 213(a)(1) of the Internal Revenue Code of 1954." He disallowed the deduction of $10 claimed for 1955 as a deposit left with the travel service because "you have not established that you are entitled to such a deduction." He disallowed the deduction of $1,216.16 claimed for 1955 because "you have not established that you are entitled to such a deduction." He disallowed the deductions of $500 claimed for 1955 and $333.33 claimed for 1956 for cost of meals on the ground that the expenditures had not been substantiated and since "it has not been established that any part of such amount represents expenses incurred while away from your post of duty." Opinion In *292 the years 1951, 1953, and 1954 the petitioner received the aggregate amount of $1,216.16 under his employer's disability benefit plan and included this as taxable income in his returns for those years. He filed claims for refund of taxes for those years on the ground that such amounts were nontaxable, but since the respondent had not made any refunds pursuant thereto by the time for filing the return for 1955, the petitioner deducted such amount of $1,216.16 in his return for 1955. Subsequently the respondent did make refunds for the years 1953 and 1954, but made no refund for 1951 on the ground that refund was barred by the statute of limitations. Under section 441 of the Internal Revenue Code of 1954, taxable income must be computed on the basis of the taxable year. As we have heretofore held in H. A. Carey Co., 29 T.C. 42, and other cases, there is no authority in the Internal Revenue Code for permitting a reduction in gross income of the years in question on account of improper inclusions in gross income of prior years. If in the years prior to the taxable years here involved income was erroneously included in income, correction of such error *293 should be made by recomputing income for those years. This, of course, is what the petitioner attempted to do by filing claims for refund. However, the fact that the respondent had not acted upon such claims for refund prior to the time the petitioner filed his return for 1955 is not a justification for claiming as a deduction for 1955 the amounts claimed to have been erroneously included in income of the prior years. We sustain the respondent's disallowance of the claimed deduction of $1,216.16. And it may be added that the jurisdiction of this Court is limited to the redetermination of deficiencies in tax for years as to which the respondent has mailed a notice of deficiency and that we do not have jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid. Section 6213 and section 6214 of the Internal Revenue Code of 1954. Here the petition is based upon a notice of deficiency involving only the years 1955 and 1956. Accordingly, the propriety of the respondent's action with respect to the claims for refund for the prior years is a matter upon which we can express no opinion. In his returns for 1955 and 1956 the petitioner *294 deducted the respective amounts of $500 and $333.33 which he had spent for his meals. Section 262 of the Internal Revenue Code of 1954 provides: Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. The cost of meals is normally a personal expense and not deductible unless provision is specifically made for such deduction in the statute. The petitioner tried his case without benefit of legal counsel, and he did not file a formal brief. He submitted a newspaper clipping which apparently refers to the case of Williams v. Patterson ( C.A. 5), 286 F. 2d 333, in which it was held that a railroad conductor's expenditures for lodging, meals, and tips during 6-hour layovers "away from home" on regular trips, each trip requiring an absence from his home terminal of about 16 hours, constituted deductible traveling expenses under section 162 of the Internal Revenue Code of 1954. However, that case and section 162 are of no help to the petitioner here. Section 162 of such Code provides in part: (a) In General. - There shall be allowed as a deduction all the *295 ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *. Under section 162 the cost of meals is deductible only if the taxpayer is "away from home in the pursuit of a trade or business." It is well established that the word "home" means the taxpayer's principal place of business or employment or the post or station at which he is employed. In Floyd Garlock, 34 T.C. 611, we stated the rule as follows: One of the conditions which must be satisfied before a deduction is allowable for traveling expenses is that the taxpayer must show that the expenses were incurred "while away from home." Commissioner v. Flowers, 326 U.S. 465 (1946). For purposes of the statute, "home" means the taxpayer's principal place of business, employment, or post or station at which his is employed. James R. Whitaker, 24 T.C. 750; Mort L. Bixler, 5 B.T.A. 1181. It well established that expenses of meals and lodging at the place of *296 a taxpayer's principal employment are nondeductible personal expenses. * * *
Here the petitioner's place of employment was in New York City, and his expenditures for meals were incurred there. The amounts expended by the petitioner for meals were, therefore, not expended while away from home within the meaning of the statute. Accordingly, such amounts constituted nondeductible personal expenses rather than ordinary and necessary business expenses. It may be added that the fact that petitioner's working hours were longer than normal hours does not change the character of the expenditures. They are still personal in nature. Louis Drill, 8 T.C. 902. In his return for the year 1955 the petitioner claimed as a deduction an amount of $10 which he paid to a travel service as a deposit in connection with making reservations for a Florida vacation. In the return this item was not specifically claimed as a bad debt, but at the hearing the petitioner stated that he considered it such. Section 166(d) of the Internal Revenue Code of 1954 provides for the deduction, with certain limitations, of any nonbusiness debt which becomes worthless within the *297 taxable year. Such provision, however, presupposes that the parties intended to create a debtor-creditor status and that a debt in fact existed. See Evans Clark, 18 T.C. 780, affd. (C.A. 2), 205 F. 2d 353. It also contemplates that a debt, to be deductible, must become worthless during the taxable year in the sense that the debtor was financially unable to make payment. Mere failure to pay on demand is not proof of worthlessness. Prescott State Bank, 11 B.T.A. 147. From the evidence submitted we cannot determine whether legally there was a debtor-creditor relationship created between the petitioner and the travel service. Nor is there any evidence whatsoever to show that, if there was a legal debt owing from the travel service to the petitioner, such service was financially unable to make payment thereof. Under such circumstances we cannot conclude that the petitioner has shown that he is entitled to a bad debt deduction. Nor is there any authority in the Internal Revenue Code for allowing the $10 as a loss deduction. Since the expenditure of $10 was incurred in connection with a vacation trip it falls within the category of a personal expense *298 which, under the specific terms of section 262 of the Internal Revenue Code of 1954 is nondeductible. The respondent did not err in disallowing this $10 claimed deduction. In his return for the year 1955 the petitioner deducted an amount of $58.08 which he had paid in 1954 as a premium on a Blue Cross - Blue Shield health insurance policy. His testimony was to the effect that he had forgotten to deduct this amount in computing his taxable income for 1954 and that he thought it would be permissible to deduct it in 1955. Here again, correction in the taxable year in question cannot be made because of an error in computing income of a prior year. Section 213 of the Internal Revenue Code of 1954 specifically provides that there shall be allowed as a deduction amounts paid "during the taxable year" for medical care. We hold that the petitioner is not entitled to the claimed deduction of $58.08 for the year 1955. Decision will be entered for the respondent.