**ALEXANDER & BALDWIN, Limited v. KANNE.**

No. 12500.

United States Court of Appeals
Ninth Circuit.

June 13, 1951.

C. Dudley Pratt, Vernon Bortz, Milton Cades, all of Honolulu, T. H. (Pratt, Tavares & Cassidy, Honolulu, T. H., of counsel), for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Leland T. Atherton, Sp.Assts. to Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Taxpayer, Alexander & Baldwin, Limited, appeals from a judgment refusing a $50,000 deduction from its income for the tax year 1932.

In 1931 the Henry Waterhouse Trust Company, Limited, a Hawaiian corporation, although conducting business as usual, was encountering great financial difficulties in that year of world depression. The Bishop Trust Company, Limited, agreed to take over the Waterhouse Company's business and liquidate all its obligations, provided, inter alia, that $400,000 be contributed by persons and firms in Hawaii who would be benefited by preventing the business collapse likely to ensue with the failure of the Waterhouse Company.

The $400,000 was paid to the Waterhouse Company, for which the payors received instruments called notes, agreeing to pay the amount each contributed with interest at 4% "only when, if and to the extent that," after all the indebtednesses and liquidation costs of Waterhouse Company had been paid, there remained an excess of assets. The taxpayer paid $50,000 to the Waterhouse Company and received such an instrument.

■ The district court erroneously held that the payment of $50,000 to the Waterhouse Company in 1932 was "just a contribution" to that corporation and hence not a tax deduction in any year. The fact that the agreement was procured in return for the advance and that comprehensive machinery was set up to pass upon the program of liquidation under which the money was advanced shows that it was not a contribution. Included in this machinery was an "Advisory Committee" for passing upon matters of importance, particularly those tending to affect the amount of reimbursement to the promisees of the several instruments.

We think the district court's judgment is sustained on other grounds, and that the Collector's contentions are valid that the $50,000 is not deductible, either as an ordinary and necessary business expense or as a bad debt or as a loss under the Revenue Act of 1932.[1]

*If a business expense, the $50,000 payment is not deductible from 1932 income.*

■ The taxpayer, on a cash basis of taxation accounting, paid the $50,000 in the year 1931 of the depression era to protect its business from the effect on Hawaiian general business of the Waterhouse Company's failure. Undoubtedly this is an expense for a business purpose, but the cash in this amount was paid in 1931. If it be the kind of business expense which is deductible[2] under § 23(a), it cannot be

---

1. The Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A.Int.Rev.Acts, page 489, provides:

"§ 23. Deductions from Gross Income ·

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

\* \* \* \* \*

"(f) Losses by Corporations. Subject to the limitations provided in subsection (r) of this section, in the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *

.· \* \* \* \* \*

"(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year \* \* \*."

2. But cf. Giurlani & Bro., Inc. v. Commissioner of Internal Revenue, 9 Cir., 119 F.2d 852.

deducted as a cash expense in the tax year 1932.

*The $50,000 is not deductible because not a bad debt.*

The Collector contends that this agreement to pay money conditioned upon such a future event as here is not a "debt" as that word is used in § 23(j).

■ We think this contention is correct. It is well settled that tax deductions are a matter of legislative grace and that a particular deduction will be allowed only where there is clear provision in the statute for the deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S. Ct. 788, 78 L.Ed. 1348.

■ Undoubtedly if the contingency here provided for had arisen by existence of assets in the Waterhouse Company after the liquidation of its obligation, a debtor-creditor relationship *then* would have existed. If *thereafter* the Waterhouse Company had become hopelessly insolvent and could not possibly have paid anything on the debt it would then have become "bad" within the meaning of § 23(j). That, however, is not the instant case.

Nor is it the case of an ordinary promissory note made payable on a definite date, and hence the debtor-creditor relationship is certain to arise. It is there arguable that the hopeless insolvency of the maker before the payment debt creates a deductible bad debt—a contention we are not here required to consider. Here where there is no certainty that the debtor-creditor relationship ever will arise, the instant promise to pay money does not create a deductible debt. In this we are in accord with the view of the First Circuit in Milton Bradley Co. v. United States, 146 F.2d 541, 542, and of the Fourth Circuit in Bercaw v. Commissioner of Internal Revenue, 165 F.2d 521, 525.

*The $50,000 is not deductible as a loss.*

■ We agree with the Collector that the failure to be paid anything on the contract with Waterhouse does not make the $50,000 consideration a business loss within § 23(f) of the Revenue Act of 1932. The contract was made with the expectancy that nothing would be paid if the assets were not there. Here there is no failure on the part of Waterhouse in carrying out the agreement, as in the case of Lewellyn v. Elec. Reduction Co., 275 U.S. 243, 247, 48 S.Ct. 63, 72 L.Ed. 262, where the promissors failure caused a business loss. Rather, it is like our decision in Giurlani & Bros., Inc., v. Commissioner of Internal Revenue, 119 F.2d 852, 857, where we held that the taxpayer's payment of the indebtedness of a third party which had previously supplied to taxpayer raw material was not a business loss, although it saved the supplying party from bankruptcy.

Furthermore, the $50,000 brought the gain to the taxpayer of the protection of its business from Waterhouse's failure. While it is impossible to say what the exact amount of this business gain is, it is certainly a gain showing that the whole of the $50,000 was not a loss. Assuming that the difference between this gain and the $50,000 could be treated as a deductible loss, the taxpayer could not sustain its burden of proof of the lesser amount.

The judgment is affirmed.