Pepper & Siegel, New York City, Morton Pepper, New York City, of counsel, for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Alonzo W. Watson, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue, respondent.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

## CLARK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 222, Docket 22590.

United States Court of Appeals Second Circuit.

Argued May 6, 1953.

Decided June 18, 1953.

PER CURIAM.

The taxpayer claims that he is entitled under Section 117(d) (2) and (e) (1) of the Internal Revenue Code, 26 U.S.C.A. § 117 (d) (2), (e) (1), to carry over to the year 1945 a loss resulting from a nonbusiness bad debt that became worthless in the year 1943, Internal Revenue Code, § 23(k) (4), 26 U.S.C.A. § 23(k) (4). In 1937 he advanced $15,000 to his wife to purchase the voting trust certificate of the entire outstanding capital stock of The Nation, Inc. The taxpayer assisted his wife because of her desire that The Nation—a weekly magazine—continue to be published in accordance with its past policy and that her salaried position be protected. No written instrument evidenced the transaction; the money was to be repaid—without interest—only if and when the taxpayer's wife received sufficient dividends from The Nation. In 1943 The Nation, Inc. was liquidated following the sale of all of its assets for $1 and the assumption of its liabilities.

The Tax Court stated in its opinion, 18 T.C. 780, "we do not have the arm's length dealings that may normally give rise to a debtor-creditor relationship." Despite the taxpayer's earnest assertions to the contrary, it is evident from this that the court

354

found as a fact that no debt had been created. This interpretation is reinforced by the subsequent part of the opinion in which as an alternate ground for denying the taxpayer's claim the case is discussed under the assumption that an obligation had existed, the court holding that it would not be a debt within the meaning of § 23(k) of the Internal Revenue Code since there was to be no repayment except upon the happening of a contingency. Compare Alexander & Baldwin, Ltd. v. Kanne, 9 Cir., 190 F.2d 153 with Island Petroleum Co. v. Commissioner, 4 Cir., 57 F.2d 992. The finding that there was no debtor-creditor relationship is supported by the evidence, and we do not think that it can be regarded as "clearly erroneous." Cf. Estate of Van Anda v. Commissioner, 12 T.C. 1158, affirmed, 2 Cir., 192 F. 2d 391. Consequently there is no need to pass on the alternative ground relied upon by the Tax Court.

Decision affirmed.