**LUDWIG BAUMANN & CO. (successor by merger to Elbeco Realty Corp.), Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 46, Docket 27440.**

United States Court of Appeals Second Circuit.

Argued Jan. 22, 1963.

Decided Feb. 4, 1963.

Stanley P. Wagman, New York City (Sidney I. Roberts, New York City, on the brief), for petitioner-appellant.

Moshe Schuldinger, Attorney, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Fred E. Youngman, Attorneys, Dept. of Justice, Washington, D. C., on the brief), for the Commissioner.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

Properly asserting jurisdiction under 26 U.S.C. § 7482, Ludwig Baumann & Company, successor by merger to Elbeco Realty Corporation, petitions for review of a decision of the Tax Court, entered October 31, 1961, which sustained the Commissioner's assessment of corporate income tax deficiencies in the amounts of $6,841.92 and $102,674.34 for the taxable years 1952 and 1953 respectively. The Commissioner assessed the deficiencies after finding that a series of eleven un-secured cash advances totalling $1,022,-772.54 made from 1950 to 1953 by Elbeco, at the time a wholly-owned subsidiary of Baumann, to Eastern Supply Company of New Jersey, Inc., also a subsidiary of Baumann, did not create a bona fide debt-or-creditor relationship. He accordingly disallowed Baumann's claim, based upon these advances, that Elbeco was entitled to a bad debt deduction for 1953, and to a net operating loss for 1953 which might be carried back to 1952, under Section 23(k) (1) of the Internal Revenue Code of 1939.

The burden was on the taxpayer to establish his right to the deduction. Gilbert v. Commissioner, 262 F.2d 512 (2 Cir.), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959); Matthiessen v. Commissioner, 194 F.2d 659 (2 Cir., 1952). In a thorough opinion, the Tax Court determined that the taxpayer had failed to establish that right because it had failed to prove the creation of a bona fide indebtedness owing from Eastern to Elbeco. See Clark v. Commissioner, 205 F.2d 353 (2 Cir. 1953). It based that determination upon findings, *inter alia,* that no definite date was agreed upon for repayment of the advances; that although demand notes were given to Elbeco, no demand for repayment was ever made; that although other creditors of Eastern were repaid, none of the advances made by Elbeco to Eastern was repaid; that no interest was provided for and none was paid; and that no security to insure repayment was furnished Elbeco by Eastern.

These findings are supported by substantial evidence on the record. They provide adequate basis for the conclusion that the parties—both subsidiaries of the parent Baumann—were not dealing at arm's length. Cf. Gilbert v. Commissioner, 248 F.2d 399 (2 Cir., 1957). The decision of the Tax Court accords with the analysis of the principles and decisions governing this area which we recently made in Nassau Lens Co. v. Commissioner, 308 F.2d 39 (2 Cir.,

1962). No useful purpose would be served by duplicating that analysis here. The decision of the Tax Court is affirmed.

Affirmed.