T.C. Memo. 1995-586


UNITED STATES TAX COURT


MARIA D. LERMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18324-94.          Filed December 12, 1995.


Maria D. Lerma, pro se.

<u>Frank R. Hise</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $8,913 in petitioner's Federal income tax for 1987 and an addition to tax of $2,228 pursuant to section 6651(a)(1).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the deficiency and the addition to tax in dispute are in the amounts of $5,610 and $1,402, respectively. The issues remaining for decision are whether petitioner is entitled to a nonbusiness bad debt deduction for 1987 and whether petitioner is liable for the addition to tax for failure to file timely her tax return for that year.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in San Antonio, Texas.

In 1987, petitioner left her job to return to school to seek her master's degree in nursing. Petitioner withdrew money from her retirement plan in order to finance her education and to support her family while she attended school.

During 1987, petitioner was dating Raul Machuca (Machuca). Machuca was experiencing financial difficulties, and petitioner attempted to assist him. For example, to prevent his car from being repossessed, Machuca transferred the title to the car to petitioner, and petitioner, using the car as collateral, borrowed $9,500. Petitioner never drove or possessed the car. When petitioner paid off the loan, title to the car was transferred back to Machuca. Machuca later gave petitioner a check for $50,000 as partial payment for this and other assistance petitioner had given Machuca. Petitioner was unable to cash the

check because Machuca's account lacked sufficient funds. The relationship between petitioner and Machuca deteriorated around this time.

In 1988, petitioner experienced financial difficulties. She did not file her 1987 Federal income tax return until September 1991 because she was unable to pay the taxes due. On the return filed in 1991, petitioner claimed $77,000 on Schedule D, Capital Gains and Losses and Reconciliation of Forms 1099-B, as a nonbusiness bad debt deduction. In an amended return filed in September 1993, petitioner reclassified $50,000 of the $77,000 bad debt as business bad debt. No documentation or other evidence of the bad debt exists.

## OPINION

### Bad Debt Expense

Section 166(a) provides a deduction for any debt that becomes worthless within the taxable year. At trial, petitioner conceded that there was no basis for classifying as a business bad debt any portion of the bad debt deduction that she claimed. A nonbusiness bad debt is considered a loss from the sale or exchange of a short-term capital asset. Sec. 166(d)(1)(B).

"Only a bona fide debt qualifies for purposes of section 166. A bona fide debt is a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." Sec. 1.166-1(c), Income Tax Regs. Petitioner bears the burden of

proving, first, that a bona fide debt existed and, second, that it became worthless in 1987. Rule 142(a); <u>Crown v. Commissioner</u>, 77 T.C. 582, 598 (1981); <u>Rude v. Commissioner</u>, 48 T.C. 165, 172 (1967).

In determining whether a debtor-creditor relationship represented by a bona fide debt exists, the Court considers the facts and circumstances. <u>Fisher v. Commissioner</u>, 54 T.C. 905, 909 (1970). The test in making such a determination is whether the debtor is under an unconditional obligation to repay the creditor and whether the creditor intends to enforce repayment of the obligation. <u>Id.</u> at 909-910; sec. 1.166-1(c), Income Tax Regs.

The objective indicia of a bona fide debt include whether a note or other evidence of indebtedness existed and whether interest was charged. See <u>Clark v. Commissioner</u>, 18 T.C. 780, 783 (1952), affd. 205 F.2d 353 (2d Cir. 1953). Also considered are the existence of security or collateral, the demand for repayment, records that may reflect the transaction as a loan, and the borrower's solvency at the time of the loan. See <u>Road Matls., Inc. v. Commissioner</u>, 407 F.2d 1121 (4th Cir. 1969), affg. in part, vacating in part and remanding T.C. Memo. 1967-187; <u>Jewell Ridge Coal Corp. v. Commissioner</u>, 318 F.2d 695, 699 (4th Cir. 1963), affg. T.C. Memo. 1962-194; <u>Zimmerman v. United States</u>, 318 F.2d 611, 613 (9th Cir. 1963); <u>Montgomery v. United States</u>, 87 Ct. Cl. 218, 23 F. Supp. 130 (1938).

In this case, petitioner testified that she intended that the debt be repaid.  Petitioner did not call Machuca as a witness and did not present any reliable evidence of Machuca's financial position in 1987.  On the minimal evidence presented, and in view of the personal relationship between petitioner and Machuca, we cannot conclude that there is a bona fide, enforceable obligation to repay.  See Caligiuri v. Commissioner, 549 F.2d 1155, 1157 (8th Cir. 1977), affg. T.C. Memo. 1975-319; Perry v. Commissioner, 92 T.C. 470, 481 (1989), affd. without published opinion 912 F.2d 1466 (5th Cir. 1990).  As a result of petitioner's failure to prove the existence of a bona fide debt, we need not consider whether the "loans" became worthless in 1987.  Petitioner is not entitled to any deductions with respect to the advances she made to Machuca; therefore, respondent's determination is sustained on this issue.

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) provides for an addition to tax in the case of the failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Petitioner bears the burden of proving that respondent's determination on this issue is erroneous.  Rule 142(a); Lee v. Commissioner, 227 F.2d 181, 184 (5th Cir. 1955), affg. a Memorandum Opinion of this Court dated July 31, 1953.  At trial, petitioner testified that she did not timely file her 1987 Federal income tax return because she lacked the money to pay the

taxes owed.  Petitioner's unfortunate personal and financial circumstances do not constitute reasonable cause for failure to file a timely tax return.  See <u>Jones v. Commissioner</u>, 25 T.C. 1100, 1105-1106 (1956), revd. on other grounds 259 F.2d 300 (5th Cir. 1958); <u>Sanders v. Commissioner</u>, 21 T.C. 1012, 1019 (1954), affd. 225 F.2d 629 (10th Cir. 1955); <u>Nelson v. Commissioner</u>, T.C. Memo. 1974-239; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Therefore, respondent's determination will be sustained.

<u>Decision will be entered for respondent in the amounts of the reduced deficiency and addition to tax</u>.