T.C. Memo. 1995-598

UNITED STATES TAX COURT

RICHARD SOO KIM AND DONNA KIM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24243-93.      Filed December 19, 1995.

Richard Soo Kim and Donna Kim, pro se.

<u>Brently W. Free</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>: Respondent determined a deficiency of $90,593 in petitioner's Federal income tax for 1990 and an addition to tax of $18,118.60 pursuant to section 6662(a). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the only issue remaining for decision is whether petitioners are entitled to a bad debt deduction for 1990 in the amount of $30,500.

Some of the facts have been stipulated, and the stipulated facts are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Kirkland, Washington.

Richard Soo Kim (petitioner) owned a business that operated as a subcontractor for various garment manufacturers. Petitioner's employees would sew and press the garments before they were packed and returned to the manufacturers.

Petitioner contends that garments in his possession, which belonged to certain manufacturers, were stolen by one of his employees. In order to repay the manufacturers for the missing garments, petitioner reduced the amount of future invoices to the manufacturers by the value of the garments. Petitioner deducted the amount of the invoice reductions on Schedule C, Profit or Loss From Business, attached to petitioners' 1990 Form 1040, U.S.,Individual Income Tax Return. Petitioners' apparent position is that, because subsequent invoices were reduced, the business did not receive certain income from services the business performed for the manufacturers. This reduction, petitioners allege, is a business bad debt.

Petitioners bear the burden of proving that they are entitled to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This includes

substantiating the amount of the item claimed.  <u>Hradesky v.

Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d

821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

At trial, petitioners failed to provide any evidence to

substantiate the amount of the claimed bad debt deduction.

Petitioners did not provide any invoices or other documentation

showing the reduction in invoice payments.  No evidence on the

value of the "stolen" garments was presented.  While it is within

the purview of this Court to estimate the amount of allowable

deductions where there is evidence that deductible expenses were

incurred, <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930), we

must have some basis on which an estimate may be made. <u>Williams

v. United States</u>, 245 F.2d 559 (5th Cir. 1957).  The record

before us contains no evidence upon which we can base such an

estimate.  Moreover, the record does not establish the manner in

which petitioners' gross receipts were determined and whether the

reported amounts included or excluded the reductions in issue.

Section 1.166-1(e) provides:

   (e) <u>Prior inclusion in income required</u>.  Worthless debts
arising from * * * items of taxable income shall not be allowed
as a deduction under section 166 unless the income such items
represent has been included in the return of income for the year
for which the deduction as a bad debt is claimed or for a prior
taxable year.

Petitioners' return was prepared on the cash method, and

presumably they reported only amounts actually received. Thus, we

have no assurance that the reductions taken on the invoices to

customers are not, in effect, being taken twice.

Petitioners have failed to carry their burden of proving their entitlement to a bad debt deduction. Section 166(a) provides a deduction for any debt that becomes worthless within the taxable year. "Only a bona fide debt qualifies for purposes of section 166. A bona fide debt is a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." Sec. 1.166-1(c), Income Tax Regs. Petitioners bear the burden of proving, first, that a bona fide debt existed and, second, that it became worthless in 1990. Rule 142(a); Crown v. Commissioner, 77 T.C. 582, 598 (1981); Rude v. Commissioner, 48 T.C. 165, 172 (1967).

In determining whether a debtor-creditor relationship represented by a bona fide debt exists, the Court considers the facts and circumstances. Fisher v. Commissioner, 54 T.C. 905, 909 (1970). The test in making such a determination is whether the debtor is under an unconditional obligation to repay the creditor and whether the creditor intends to enforce repayment of the obligation. Id. at 909-910; sec. 1.166-1(c), Income Tax Regs.

The objective indicia of a bona fide debt include whether a note or other evidence of indebtedness existed and whether interest was charged. See Clark v. Commissioner, 18 T.C. 780, 783 (1952), affd. 205 F.2d 353 (2d Cir. 1953). Also considered

are the existence of security or collateral, the demand for repayment, records that may reflect the transaction as a loan, and the borrower's solvency at the time of the loan. See Road Matls., Inc. v. Commissioner, 407 F.2d 1121 (4th Cir. 1969), affg. in part, vacating in part and remanding T.C. Memo. 1967-187; Jewell Ridge Coal Corp. v. Commissioner, 318 F.2d 695, 699 (4th Cir. 1963), affg. T.C. Memo. 1962-194; Zimmerman v. United States, 318 F.2d 611, 613 (9th Cir. 1963); Montgomery v. United States, 87 Ct. C1. 218, 23 F. Supp. 130 (1938).

Petitioners have provided no documentation or other evidence that would indicate the existence of a bona fide debt. As a result of petitioners' failure to prove the amount and existence of bona fide debt, we need not consider whether the "debt" became worthless in 1990. Respondent's determination is sustained on this issue.

Although petitioners do not assert alternatively that they are entitled to a theft loss deduction, we point out here that this position would have been unsuccessful as well. In order to sustain a theft loss deduction, petitioners have the burden of proving that they suffered a loss in the taxable year in question as a result of a casualty or theft and the amount of such loss. Axelrod v. Commissioner, 56 T.C. 248, 256 (1971). Petitioners must also prove that they were the owners of the items stolen. Draper v. Commissioner, 15 T.C. 135 (1950); see Jensen v. Commissioner, T.C. Memo. 1979-379; Silverman v. Commissioner,

T.C. Memo. 1975-255, affd. without published opinion 538 F.2d 320 (3d Cir. 1976); <u>Whiteman v. Commissioner</u>, T.C. Memo. 1973-124. Petitioners have provided no evidence to prove that a theft occurred, the amount of the alleged theft, or their ownership of the garments.

To reflect the foregoing and concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.