T.C. Summary Opinion 2001-142


UNITED STATES TAX COURT


MARVIN J. LEWIS AND BRENDA J. LEWIS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1321-00S.          Filed September 14, 2001.


Marvin J. Lewis and Brenda J. Lewis, pro sese.

Frank N. Panza and Sherri Wilder, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency of $28,708 and an addition to tax under section 6651(a)(1) of $6,567 for the taxable year 1993.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Fontana, California, at the time they filed their petition.

On the 1993 Federal income tax return, filed March 15, 1996, petitioner Marvin J. Lewis (petitioner) listed his occupation as "Ins. Agency [sic]". Petitioner is in the insurance business and sells life insurance, retirement group benefits, voluntary benefits, and automobile and homeowner's insurance. Petitioner then lived in Moreno Valley, Riverside County, and drove to Los Angeles and surrounding areas three to four times per week. During 1993, he traveled about 7 months. At one time petitioner had a log of his travels but lost it moving from one office to another.

On their 1993 return, petitioners deducted $7,000 for car and truck expenses on petitioners' Schedule C, Profit or Loss From Business. Petitioner claimed that he drove 25,000 miles for business. On the same Schedule C, petitioners deducted $7,500 for rent expense for business property. On a Form 4797, Sales of Business Property, petitioners reported $145,000 as the gross sales price of a house at 5317 Mullen Avenue, Los Angeles,

California, (Mullen Avenue), reported a basis of $146,457, and claimed a net loss of $1,457.

Respondent disallowed $4,000 of the automobile expense, disallowed $3,675 of the rent expense, and determined that petitioners had a capital gain of $105,427 on the sale of the Mullen Avenue property.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 7491(a) does not change the burden of proof where taxpayers have failed to substantiate their deductions. Higbee v. Commissioner, 116 T.C. 438 (2001). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs. Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount, bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court, however, must have

some basis upon which an estimate can be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Section 274(d) imposes stringent substantiation requirements for the deduction of travel and automobile expenses. Taxpayers must substantiate by adequate records certain items in order to claim deductions, such as the amount and place of each separate expenditure, the property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account, book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Travel and car and truck expenses cannot be estimated under <u>Cohan</u>. <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Respondent allowed petitioner $3,000 for automobile expenses based on his comments to the auditing agent which were similar to those he made in court. Petitioner did not have a log or any other documentary evidence which meet the strict requirements of section 274(d). Petitioner's statement that he lost the log

moving from office to office fails to show that this was a loss beyond his control as contemplated by section 1.274-5(c)(5), Income Tax Regs. Silver v. Commissioner, T.C. Memo. 1972-102. Nor has petitioner reasonably reconstructed his expenditures under the regulations. Gizzi v. Commissioner, 65 T.C. 342, 345-6 (1975). Accordingly, we must sustain respondent's determination on this issue.

As to the rent deduction issue, respondent allowed $3,825 and disallowed $3,675 of the amount claimed as a deduction. When we reached this issue at trial, we asked petitioner whether he could provide any evidence to establish that he was entitled to an additional amount over and above what respondent allowed. The response by petitioner was "No, I have nothing else to submit." We deem this issue conceded by petitioners and sustain respondent's determination as to rental expenses.

With respect to determinations of gain or loss, section 1001(a) provides that the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. Sections 1011 and 1012 provide, insofar as relevant in this case, that the adjusted basis of the property shall be its cost. Section 1016 provides that proper adjustments shall be

made to the basis of property for items such as capital expenditures and depreciation allowed or allowable.  Section 1245 relates to gains from disposition of certain properties and provides for a depreciation adjustment.

Respondent in the notice of deficiency determined that petitioners had a capital gain of $103,970 resulting in an adjustment of $105,427 ($103,970 + $1,457 reported loss) from the sale of an asset "as shown in the accompanying computation".  No such computation was attached to the notice of deficiency in the record.

The parties stipulated that petitioner advised the revenue agent that the price of the Mullen Avenue property was $21,500, and that in calculating the gain upon which the additional tax was based, respondent used a sales price of $145,000, with $46,000 of capital expenditures made, and depreciation incurred during the years 1988 through 1992 of $26,470.  Petitioners do not agree with respondent's determination.

Respondent in the trial memorandum explained that respondent had calculated petitioners' basis in the property at the time of its sale in 1993 to be $41,030.  The property's original purchase price according to petitioner was $21,500.  Respondent added to that amount $46,000, representing assumed capital expenditures of $2,000 per year for the 23 years petitioners owned the property. The $21,500 plus $46,000 totaled $67,500.  Respondent then

reduced the $67,500 by depreciation allowed or allowable of $26,470, resulting in a basis of $41,030. Respondent subtracted the $41,030 basis from $145,000, the amount petitioners reported as the sales price of the property on their 1993 Federal income tax return. This resulted in the gain of $103,970 and an adjustment of $1,457 (reported loss) for a total adjustment of $105,427.

A 1989 Schedule E, Supplemental Income and Loss, from petitioners' 1989 return, showed depreciation for that year was $5,707. An Internal Revenue Service transcript of petitioners' 1992 Federal income tax return shows petitioners claimed $4,882 of depreciation for that year. Respondent averaged these two figures ($5,294.50) and multiplied the result by the 5 years of rental to approximate the depreciation allowed or allowable ($26,472.50 rounded by $2.50 equals $26,470, the amount respondent calculated was depreciation allowed).

Petitioners purchased the house at Mullen Avenue as a personal residence in April 1970 for $21,500. Petitioners sold the house for $145,000 in April 1993. On the Form 4797, Sales of Business Property, petitioners reported a basis of $146,457, and a loss of $1,457. Petitioners did not attach a calculation of their basis to the Form 4797.

Petitioners did not have a schedule of the depreciation allowed or allowable to them over the rental period. They did

not even have copies of their income tax returns showing depreciation. Petitioners did not have proof of purchase of the Mullen Avenue property nor of any subsequent capital improvements. Petitioners had a schedule prepared by their tax return preparer which showed purported capital improvements of $130,550. The listed items on that schedule totaled $65,275 and the return preparer apparently doubled that amount to $130,550. Petitioner admitted the error at trial. The schedule is also suspect because it contains items not capital in nature. It is further suspect in that most items are rounded to the nearest one hundred dollar amount. This schedule does not persuade us to adjust respondent's generous computation of capital improvements. Nor have petitioners shown error in the computation of depreciation which respondent had to undertake because of the failure of petitioners to provide records. Respondent's determination on the capital gains issue is sustained, except as set forth below.

Respondent did not have petitioners' Escrow Closing Statement for the sale of the Mullen Avenue property when respondent made the computation in the notice of deficiency. This Court has stated that it has always been recognized that all expenses of sale enter into the computation that results in the determination of a gain. Chapin v. Commissioner, 12 T.C. 235, 238 (1949), affd. 180 F.2d 140 (8th Cir. 1950). The Escrow

Closing Statement lists $9,717 of selling expenses which are to be deducted from the $103,970 figure to reach a net capital gain of $94,253. Thus, the capital gain adjustment is $95,710 ($94,253 + $1,457). This can be reflected in the Rule 155 computation.

Under section 7491(c), respondent has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax. Section 6651(a)(1) imposes an addition to tax for failure to file a return on time. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. "Reasonable cause" requires a taxpayer to demonstrate that he or she exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioners' return was untimely filed on March 15, 1996, and bore a signature date of April 6, 1996. The return was due on April 15, 1994. At trial, petitioner admitted the 1993 return was filed in 1996. Petitioner claimed that he had financial difficulties to the point of filing a bankruptcy proceeding. Petitioner's unfortunate personal and financial circumstances do

not constitute reasonable cause for failure to timely file a tax return. Lerma v. Commissioner, T.C. Memo. 1995-586. Petitioner also claimed that he had a drinking problem as an excuse for his failure to timely file. A letter from Kaiser Permanente, which verified petitioner's attendance at a chemical dependency recovery program, shows he attended from October 7 through December 11, 1996. Petitioners' return was due on April 15, 1994, and was filed on March 15, 1996, long before such attendance. In any event, this Court has held that an addition to tax under section 6651(a) is due if a taxpayer's only explanation is lack of attention to business affairs resulting from excessive drinking. Myers v. Commissioner, T.C. Memo. 1980-437; see Gardner v. Commissioner, T.C. Memo. 1982-542. We find that petitioners did not show reasonable cause why the return was not timely filed. A comparison of both the signature date and the filing date leads to the conclusion that the late filing was due to willful neglect. We conclude that petitioners are liable for an addition to tax under section 6651(a)(1) for failure to timely file their 1993 return.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.